UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CHRISTOPHER N. CONDRON, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:22-CV-261-REW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PAUL, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Christopher Condron is confined at the Federal Medical Center in Lexington, Kentucky. Condron has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1 (Petition). This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In August 2017, Condron was indicted in Massachusetts for conspiracy to defraud the United States and wire fraud. *United States v. Condron*, No. 1:17-CR-10243-IT-1 (D. Mass. 2017), DE 3 (Indictment). Four years and a handful of attorneys later, the case proceeded to trial in September 2021; Condron was convicted on all counts. *See* DE 453 (Verdict Form). Substantive briefing of sentencing issues has not yet begun; instead, the case pends before the trial court upon an extensive motion for post-verdict acquittal. *See* DE 487 (Defendant's Memorandum in Support of Motion for Acquittal or, in the Alternative, for a New Trial). The trial court has scheduled a sentencing hearing for November 30, 2022. *See* DE 539 (Notice of Hearing).

In his petition, Condron broadly attacks the evidence against him and challenges the sufficiency of his counsel's performance. *See* DE 1 at 6-16 (Petition). But, it is too early, as a

procedural matter, for Condron to assert these claims in any collateral proceeding, and he likely will not be able to assert them in a § 2241 petition at any time.

The correct mechanism for a federal prisoner to challenge his conviction or sentence is to appeal, and if unsuccessful, then potentially to move to vacate under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) ("Section 2255 provides the primary avenue of relief for federal prisoners 'claiming the right to release' as a result of an unlawful sentence."). And it is well established that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Here, Condron's motion for acquittal remains pending. He has not yet been sentenced, has not appealed, and has not sought collateral relief under Section 2255. Having made no effort to pursue the primary means to challenge a conviction, Condron cannot make even a colorable argument that relief under Section 2241 is available. *See Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending"); *Pullen v. Ormond*, No. 18-6171 (6th Cir. Sept. 5, 2019) (affirming dismissal of § 2241 petition as premature and noting that "we have denied § 2241 petitions in a variety of situations when a § 2255 motion remains pending.") (collecting cases); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006) (dismissing § 2241 petition as premature where direct appeal remained pending).

Further, Condron makes numerous claims of ordinary trial error, matters that cannot be pursued under § 2241 because the remedies afforded by direct appeal and a motion under § 2255 are not "inadequate and ineffective" to address them. *Cf. Perez-Ortiz v. Snyder-Norris*, No. 17-

6275, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018) (holding that claims of ineffective assistance of counsel and ordinary trial error should be raised on direct appeal or in a § 2255 motion but are not cognizable in a habeas proceeding under § 2241); *Vassell v. Perez*, 53 F. App'x 348 (6th Cir. 2002) (same); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Condron's DE 1 petition for a writ of habeas corpus.

2. The Court will enter an appropriate Judgment.

This the 2nd day of November, 2022.

Signed By:
*Robert E. Wier*
United States District Judge